**UNITED STATES of America,
Appellee,**

v.

**Edwin MOLINA, Defendant–Appellant.**

No. 06–2191–cr.

United States Court of Appeals,
Second Circuit.

Nov. 28, 2007.

Reed Michael Brodsky, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Daniel A. Braun, Assistant United States Attorney, on the brief), New York, N.Y., for Appellee.

Marlon G. Kirton, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Edwin Molina appeals from the May 1, 2006 judgment of the United States District Court for the Southern District of New York (Mukasey, J.), convicting him, after a jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Molina challenges his conviction, asserting, first, that the jury lacked sufficient evidence upon which to rest its guilty verdict, and, second, that the trial judge's instruction on reasonable doubt was deficient.

Appellant claims that the prosecution adduced insufficient evidence to prove that he had possessed the gun recovered at the scene of his arrest. But this challenge cannot carry the "heavy burden" of showing that "no rational trier of fact, viewing the evidence in the light most favorable to the government, could have found him guilty beyond a reasonable doubt." *United States v. Desena*, 287 F.3d 170, 176–77 (2d Cir.2002). Sergeant O'Keefe testified that he was "100 percent" sure that he had seen Molina holding the gun. To avoid usurping the role of the jury, we must resolve all issues of credibility in favor of its verdict. *Id.* at 177 (quoting *United States v. Desena*, 260 F.3d 150, 154 (2d Cir.2001)). Hence, the evidence that Molina was guilty of the offense was sufficient for a reasonable jury to convict him.

Turning to Molina's objection to the jury instruction on reasonable doubt, we find no error in the district court's charge. "[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (citation omitted). Judge Mukasey told the jurors that it was their "duty" to acquit Molina if they had a reasonable doubt. That language comfortably suffices to convey the necessity of proof beyond such doubt. *Cf. United States v. Birbal*, 62 F.3d 456, 460 (2d Cir.1995) (reversing convictions where the trial court had told jurors that they "may" acquit in the event of reasonable doubt).

Accordingly, the judgment of the district court is **AFFIRMED**.